IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN -
SOUTHERN DIVISION

**STEVEN ERICH HUBBARD,**
PLAINTIFF,

V.

**CREDIT PROTECTION ASSOCIATION, LP,**
DEFENDANT.

Case: 2:09-cv-14652
Judge: Tarnow, Arthur J
MJ: Majzoub, Mona K
Filed: 11-30-2009 At 04:24 PM
CMP HUBBARD VS CREDIT PROTECTION ASSOCIATION, LP

**JURY TRIAL DEMANDED**

STEVEN ERICH HUBBARD, IN PRO PER, 37789 HIXFORD PLACE, APT F-10
WESTLAND, MI 48185          TEL: (734) 727-0661

CREDIT PROTECTION ASSOCIATION, L.P, 30600 TELEGRAPH ROAD,
BINGHAM FARMS, MI 48025    TEL: (800) 377-7713

## COMPLAINT

**NOW COMES THE PLAINTIFF, STEVEN ERICH HUBBARD, IN PRO PER,** and with complaint against the defendant, pleads as follows:

### JURISDICTION & VENUE

1. Jurisdiction of this honorable court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k (d), and pursuant to 28 U.S.C. § 1367 for pendant state law claims.

2. This civil action is brought under the Fair Debt Collection Practices Act ("FDCPA"), *15 U.S.C. § 1692 et seq.;* the common law claim of Invasion of Privacy by Intrusion through Seclusion.

3. Venue is proper as the defendant caused a nefarious act, resulting in tort, occurred within The United States of America, State of Michigan, and the City of Westland.

4. This honorable court may exercise supplemental jurisdiction over the state law claims arising out of the same nucleus of operative facts as the federal law claims.

### PARTIES

1

5. The plaintiff to this lawsuit is Steven Erich Hubbard who resides at 37789 Hixford Place, Apt F-10, Westland, MI 48185.

6. The defendant to this lawsuit is Credit Protection Association, LP, which is a foreign limited partnership doing business in the State of Michigan, and whose registered agent, The Corporation Company, maintains its office at 30600 Telegraph Road, Bingham Farms, 48025.

7. Steven Erich Hubbard is a consumer as defined under *15 U.S.C. § 1692a (3)*.

8. Credit Protection Association, LP is a debt collector as defined under *15 U.S.C. § 1692a (6)*.

## GENERAL ALLEGATIONS

9. On August 17th, 2009, Credit Protection Association, LP sent an initial communication letter to the consumer pursuant to *15 U.S.C. § 1692g (a)*.

10. The initial communication letter contained a statement stating plaintiff owed a past-due account ("debt") to Comcast Cable Corporation in the amount of $223.70.

11. On August 22nd, 2009, plaintiff requested Credit Protection Association, LP to provide validation of the above referenced debt pursuant to *15 U.S.C. § 1692g*.

12. Defendant received my request for validation by facsimile transmission on August 22nd, 2009.

13. Plaintiff also requested the defendant to refrain from contacting the plaintiff pursuant to *15 U.S.C. § 1692b (c)*.

14. Plaintiff never received a response to the Plaintiff's validation request.

15. Defendant sent another communication, on September 4th, 2009, to the plaintiff requesting payment on the same Comcast Cable account in the amount of $223.70.

16. On September 6th, 2009, plaintiff again requested validation under *15 U.S.C. § 1692g* on the above referenced debt and faxed his request to Credit Protection Association, LP.

17. Plaintiff again never received a response to the Plaintiff's validation request.

18. On September 22nd, 2009, defendant sent another letter to the plaintiff requesting payment on the above referenced debt.

19. Credit Management, LP purported to report the above debt to the Credit Reporting Agencies since the plaintiff failed, in the eyes and written word of the defendant, to dispute the debt under *15 U.S.C. § 1692g*.

20. On September 24th, 2009, plaintiff requested debt validation pursuant to *15 U.S.C. § 1692g* again and requested the company to cease and desist collection activity under *15 U.S.C. § 1692b (c)* and faxed his request to Credit Protection Association, LP.

21. Plaintiff still hasn't received the statutorily required validation request and continues to violate *15 U.S.C. § 1692b (c)* to this very day.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692g (b)

22. Mr. Hubbard reincorporates the proceeding allegations by reference.

23. Credit Protection Association was required to cease collection activities, *15 U.S.C. § 1692g (b)*, until the defendant provided validation to the plaintiff's request.

24. Defendant, upon multiple occasions, violated *15 U.S.C. § 1692g (b)* by continuing collection activities and sending letters in violation of the aforementioned statute.

25. Defendant is strictly liable to the plaintiff for the defendant's actions stated above.

26. Plaintiff has suffered statutory damages due to the defendant's direct and proximate cause for failing to cease collection activity under *15 U.S.C. § 1692g (b)*.

27. Credit Protection Association, LP's actions are reckless and willful.

28. Plaintiff is entitled to statutory damages promulgated under *15 U.S.C. § 1692k (a) (2) (A)*.

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692c (5)

29. Mr. Hubbard reincorporates the proceeding allegations by reference.

30. Defendant purported the plaintiff failed to submit a request for validation and both the original creditor, Comcast Cable Corporation and the defendant, purported to report the delinquent debt to the credit reporting agencies.

31. *15 U.S.C. § 1692c (5)* states:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken."

32. Defendant never intended to take action on reporting the above delinquent debt to the consumer reporting agencies in violation of 15 U.S.C. § 1692c (5).

33. Plaintiff has suffered statutory damages due to the defendant's direct and proximate cause for threatening action withstanding taking action under *15 U.S.C. § 1692c (5)*.

34. Defendant's action is reckless and willful.

35. Plaintiff is entitled to statutory damages promulgated under *15 U.S.C. § 1692k (a) (2) (A)*.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION BY SECLUSION

36. Mr. Hubbard reincorporates the proceeding allegations by reference.

37. Michigan law recognizes Plaintiff's right to be free from invasion of privacy and Defendant violated the Fair Debt Collection Practices Act as described in count one and two in this complaint.

38. The Defendant recklessly interfered, physically or otherwise, with the solitude, seclusion, and private concerns of the plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

39. Plaintiff has a reasonable expectation to privacy in Plaintiff's solitude, seclusion, and private personal affairs.

40. The conduct of the defendant, in engaging in the above described illegal collection activities against Plaintiff, resulted in multiple intrusions and invasion of privacy against defendant which occurred in a way that would be highly offensive to a reasonable person.

41. As a result of such intrusions and invasion of privacy, plaintiff is entitled to actual and compensatory damage to be determined at trial against the defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays that this honorable court enter a monetary judgment, sum certain, in the amount of $1,500 for:

1. Actual damages;

2. Statutory damages under *15 U.S.C. § 1692k (a) (2) (A);*

3. Compensatory damages under the common law claim;

4. Costs for bringing this civil action;

5. All other relief this honorable court deems proper.


*Respectfully Submitted,*

x_____
Steven Erich Hubbard – In Pro Per
37789 Hixford Place, Apt F-10
Westland, MI 48185
Tel: (734) 727-0661
E-mail: S.Hubbard@inbox.com

JS 44 (Rev. 12/07)          **CIVIL COVER SHEET**    County in which action arose   WAYNE

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
STEVEN ERICH HUBBARD

### DEFENDANTS
CREDIT PROTECTION ASSOCIATION, LP

**(b)** County of Residence of First Listed Plaintiff   WAYNE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   DALLAS
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
37789 Hixford Place, Apt F-4
Westland, MI 48185 Tel: 734-727-0661

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692

Brief description of cause:
Defendant violated 15 U.S.C. § 1692g (b); 15 U.S.C. § 1692c (5) of the Fair Debt Collection Practices Act.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 1,500    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____    DOCKET NUMBER _____

DATE 11/10/2009     SIGNATURE OF ATTORNEY OF RECORD   /s/ Steven E. Hubbard

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :